### JACK PEDDY V. THE STATE.

No. 16166.   Delivered October 11, 1933.
Reported in 63 S. W. (2d) 702.

The opinion states the case.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for being an accomplice to the offense of robbery; punishment assessed at sixty years in the penitentiary.

Conviction was under the second count of the indictment which charged that Robert Stewart and L. P. Woods, by the use of a firearm, committed the robbery of John Caswell, and that appellant, prior to the commission of the offense, unlawfully and willfully advised, commanded, and encouraged them to commit said crime.

No bills of exception are brought forward and the only question presented for the consideration of this court is the sufficiency of the evidence. Caswell was night watchman in the town of Tenaha. Stewart and Woods appeared in the town at night and made some inquiry of parties at a filling station where the night watchman was, and later found him, and by the use of a pistol robbed him, taking from him his own pistol, a flashlight, watch and some six or seven dollars in money. During the robbery Caswell was shot in the neck by either Stewart or Woods. After they had blindfolded Caswell a third man appeared upon the scene, who talked in a whisper, presumptively in order that he might not be identified by his voice. Caswell placed his hands upon the clothes of this party and discovered that he was dressed in a corduroy suit. Stewart and Woods then went back to the filling station, leaving this third man with Caswell, and compelled three men who were there to accompany them in a car which Woods and Stewart took charge of. They drove back to the point where Caswell and the third man had been left, and took them also into the car. After driving some distance from Tenaha Caswell and the three men who had been taken charge of at the service station were taken into the woods and tied to trees, and Stewart, Woods and appellant drove away. It is not necessary to set out in detail all the evidence introduced by the state upon the trial establishing the identity of the third party as appellant. The movements of all three of them are shown by the testimony. They were all arrested the second day after the robbery together in a house belonging to a negro. Among the things recovered were the pistol and watch belonging to Caswell. At the time of the arrest appellant was dressed in corduroy clothes. The evidence taken as a whole leaves no ground for doubt that appellant was the third party involved in the robbery, and that while apparently not present at the time of the robbery of Caswell, he was a party to it in such a manner as to fasten upon him guilt as an accomplice.

The judgment is affirmed.

*Affirmed.*